UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CASSANDRA ROSS MORALES,<br><br>　　　　Defendant. | No.  2:13-cr-00335-GEB<br><br>**ORDER DENYING GOVERNMENT'S SEALING REQUEST** |

　　　　On April 5, 2016, the United States filed a "Notice of Request to Seal Document," and on the same date sent an email to the undersigned judge's chambers, which contains the documents it desires sealed, for in camera consideration of its sealing request. However, the government's publicly filed sealing notice does not sufficiently explain the nature of the documents the government submitted to chambers. A publically filed sealing notice is required to "provide a kind of index to [the] judicial . . . documents" that the government desires to file under seal, so as to "endow the public and press with the capacity to exercise [a perceived] right[]" to access all or part of said documents. Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004).

　　　　In addition, sealing law requires "[t]he trial court [to] articulate specific findings on the record demonstrating that the decision to seal . . . is narrowly tailored and essential to preserve a compelling government interest[.]" Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

1

When a court decides the sufficiency of proposed sealing findings, "[t]he court must not base its decision on conclusory assertions alone, but must make specific factual findings." Oregonian Pub. Co. v. District Court, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing Press-Enter. Co. v. Superior Court, 478 U.S. 1, 13-15 (1986)); see generally United States v. DeJournett, 2016 WL 1239203, at *4 (6th Cir. 2016) ("The interest justifying nondisclosure is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."). Moreover, if the movant for a sealing order opines that specific factual findings should not be filed on the public docket, it is the movant's burden to state in the publicly filed document that it has proposed such findings in an in camera proceeding and has requested the judge to file the findings under seal. See generally In re Washington Post Co., 807 F.2d 383, 391 (4th Cir. 1986) (indicating that in certain circumstances "[t]here is no reason to fear that these [sealing] procedures would in themselves alert the public to the substance of the information sought to be kept secret.").

Further, the "UNITED STATES'S REQUEST TO SEAL DOCUMENT," which is a two page document that has been submitted in the in camera proceeding for a sealing order, contains, in part, argument that the government has not shown should be filed under seal.

For the stated reasons, the motion is denied.

Dated: April 6, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge